IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY CONLEY,

                              Plaintiff,

        v.                                    CASE NO.11-3200-SAC

DAVID MCKUNE, et al.,

                              Defendants.


## O R D E R

This matter comes before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility.  The defendants named in the complaint are identified as:  Kansas Department of Corrections Secretary Ray Roberts; Kansas Governor Sam Brownback; Lansing Correctional Facility (LCF) Warden David McKune; LCF Associate Wardens Kyle Deere and Rex Pryor; LCF Correctional Officer Bryan; LCF Unit Team Manager Andrew Parks; LCF M-Unit Counselor Joe Pantano; LCF Employee Brett Peterson; Correct Care Solutions, LLC (CCS); CCS President and CEO Jerry Boyle; CCS at LCF (CCS-LCF) Health Services Administrator Ellen Bartz; and CCS-LCF Dentist Kent Murry.

Also before the court is plaintiff's motion for leave to proceed without prepayment of the district court filing fee.

***Leave to Proceed In Forma Pauperis, 28 U.S.C. § 1915***

Plaintiff must pay the full $350.00 filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).

If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.   Having considered plaintiff's representation of limited financial resources and prison debt obligations, the court finds no initial partial filing fee may be imposed at this time, and grants plaintiff leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).   Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

### *Proper Amendment of the Complaint is Required*

Plaintiff initiated this action with a 56 page complaint with 251 pages of attached exhibits, seeking damages as well as declaratory and injunctive relief on allegations that defendants were acting with deliberate indifference to plaintiff's serious medical needs, namely his need for corrective and cosmetic dental treatment.  Plaintiff states his teeth are severely discolored, crooked, and crowded, and insists that corrective lifesaving dental care is needed.  Plaintiff cites in part that he can cut his mouth while eating, that he is at

risk of choking on food that can lodge between his teeth, and that his dental condition is adversely impacting his sinuses.

Plaintiff thereafter submitted various exhibits in support of his complaint.  These documents cite plaintiff's developing fear of dying if his dental needs are not met, and his claim that defendants have forced him to seek out and use marijuana to alleviate his pain and suffering.  Related to the allegations in the original complaint, plaintiff submitted various pleadings titled in some manner as amending the complaint.

*Proposed Amendments*

In his first (Doc. 15) attempt to amend the complaint on January 9, 2012, plaintiff modifies the relief being sought to include a demand for plaintiff's transfer to a medical center for a complete evaluation of plaintiff's medical needs, and for the court to order defendants to provide plaintiff with marijuana for medical purposes.  In subsequent attempts to amend (Docs 24, 29, 30, and 32) in March and April 2012, plaintiff attaches exhibits regarding the continuing denial of his health care requests and requests for specific medical care, and alleges his grievances and mail are being mishandled or ignored.  Citing defendants' failure to provide adequate and effective treatment for his dental, vision, hearing, and facial hair problems, plaintiff seeks unimpeded and unlimited access to the self-treatment protocol he was forced to devise, namely:  medical marijuana; electronic access through a computer and/or iPad to music, video, and books; a single cell wherever he is housed; and access to sexually explicit materials.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior

to being served with defendants' response to the complaint.

The rules for the District of Kansas require an amended complaint to be submitted on a court approved complaint form.   D.Kan.Rule 9.1(a).   The amended complaint must name all defendants and contain all claims being pursued including any or all of the claims asserted in the original complaint, as an amended complaint completely supercedes the existing complaint.   *See generally* Fed.R.Civ.P. 15 (to add a party or claim to a complaint, plaintiff must file an Amended Complaint which completely supercedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint; any claims not included in the Amended Complaint shall not be considered).

In the present case, however, only one of plaintiff's "amended" complaints (Doc. 30) is submitted on a court approved form.   And that pleading, which purports to add one defendant, simply and inappropriately refers the court to the original complaint for all other defendants and plaintiff's claims.

Under the circumstances, the court will grant plaintiff an opportunity to resubmit his first amended complaint in compliance with court rules, naming all defendants and identifying how each participated in the alleged violation of plaintiff's rights under Eighth Amendment regarding plaintiff's dental needs.   Because plaintiff proceeds pro se and has already submitted numerous exhibits, the court finds resubmission of any relevant exhibit already in the record is not required.

Plaintiff is reminded that the Federal Rules of Civil Procedure require a complaint, including an amended complaint, to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...."  Fed.R.Civ.P. 8(a).  Plaintiff is strongly encouraged to comply with these requirements.

Plaintiff is further admonished that he cannot treat this action as a repository for all newly arising complaints about the conditions of his confinement, and he cannot expand the scope of this action to avoid the "3-strike" provision in 28 U.S.C. § 1915(g).[1]  Accordingly, amendment of the complaint to encompass recent allegations beyond the alleged deliberate indifference to plaintiff's dental needs,[2] and to include plaintiff's growing barrage of demands, will not be allowed.

*Other Documents*

The filing of documents concerning recent events related to plaintiff's Eighth Amendment dental claims will be considered as supplements rather than amendments.  Fed.R.Civ.P. 15(d).  Plaintiff is hereby notified that documents related to other claims or allegations are not relevant to the claims at issue in this matter will not be considered.  Nor will the court consider or address repetitive or incomprehensible materials, or plaintiff's submission of "Mental Health Writings"

---

[1] 28 U.S.C. § 1915(g) contains a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] New allegations in the supplemental pleadings include his need for: specific grooming materials and accommodations; electronic access to music and educational materials; pornographic materials to maintain his heterosexuality; medical marijuana for self-treatment; adherence to the teachings of Muhammad for medical reasons; proper investigation and resolution of his grievances; and specific pressed clothing.

### *Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).   Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

In the instant case, the court notes that plaintiff's continuous filing of supplemental materials to the complaint in a manner not provided by court rules has unduly complicated the court's initial review of plaintiff's claims.

Having reviewed plaintiff's original and first amended complaint as supplemented with relevant materials, the court finds the following claims and defendants are subject to being summarily dismissed as stating no claim for relief.   28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).   As indicated above, the court is granting plaintiff an opportunity to resubmit the First Amended Complaint in compliance with court rules.   Resubmission of the First Amended Complaint also allows plaintiff an opportunity to address the following deficiencies

identified by the court.

*Eleventh Amendment*

Plaintiff sues each individual defendant in both their personal and official capacity.  All claims against state defendants in their official capacity, however, are barred by the Eleventh Amendment.

Subject to limited exceptions not apparently applicable in this case, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002).   "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."  *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir.2007)(citation omitted).  Employees of an arm of the state who are sued in their official capacities are "generally entitled to assert the same immunities as the governmental entity for which he or she works."  *Ruiz*, 299 F.3d at 1180 (citation omitted).

The court thus finds all claims against individual state defendants sued in their official capacity are subject to being summarily dismissed.

*Alleged Violations of State Statutes and Regulations*

To the extent plaintiff seeks relief based upon defendants' alleged violation of the Kansas Constitution, Kansas state law, or Kansas prison regulations, no cognizable claim for relief under § 1983 is stated.  *See Jones v. City & County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

Given the court's assessment herein that plaintiff's federal

claims have no viability, the court declines to exercise its jurisdiction over plaintiff's supplemental state law claims. *See Smith v. City of Enid By and Through Enid City Com'n*, 149 F.3d 1151, 1156 (10th Cir.1998)("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")(citing 28 U.S.C. § 1367(c)(3) and *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir.1995)).

*Personal Participation*

A defendant's personal participation in the alleged violation of plaintiff's constitutional rights is essential for stating a claim for relief under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). Plaintiff may not rely on a defendant's supervision of alleged wrong-doers to proceed under § 1983 because government officials are not vicariously liable for the misconduct of their subordinates. "There is no concept of strict supervisor liability under § 1983." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir.2006)(quotation omitted).

Thus at a minimum, the court finds defendants Brownback, Roberts, McKune, Deere, and Pryor are subject to being summarily dismissed because plaintiff fails to sufficiently allege any personal participation by these defendants in the alleged violation of his constitutional rights.  Mere reliance on these defendants being "notified" or "aware of" plaintiff's concerns via plaintiff's correspondence or administrative appeals is insufficient.

*No Actionable Constitutional Claim*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).   The Eighth Amendment, applicable to the states through the fourteenth amendment, prohibits the infliction of cruel and unusual punishment on prisoners.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991).   Prison conditions violate the Eighth Amendment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result in a deprivation of basic human needs.  *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).   An inmate must allege sufficient facts to plausibly establish that he "is incarcerated under conditions posing a substantial risk of serious harm" and that a prison official acted with deliberate indifference to his health and safety.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(a complaint must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face").

To "state a valid claim of medical mistreatment under the Eighth Amendment ... a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.2006).   The obligation to provide medical treatment for prisoners includes dental care. *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir.1980)).

Here, plaintiff contends defendants are acting with deliberate disregard to plaintiff's reporting of physical and mental problems related to plaintiff's teeth being discolored, overcrowded, and out

9

of alignment. [3]   Plaintiff claims defendant Murry at one time
*recommended* braces which were never provided, but plaintiff
over-characterizes this outcome as interference with a medical *order*.
Plaintiff acknowledges that prison medical staff have reviewed
plaintiff's dental needs, but complains that adequate treatment has
not been provided to correct his problems and alleviate or prevent
further mental anguish.   Plaintiff also cites the refusal of his
requests for cosmetic surgery, for referral to a specialized
orthodontist for evaluation and treatment, for greater investigation
of his claim that his sinuses and breathing are restricted by
overcrowded teeth and a high roof mouth, and for a mental health
evaluation.

Notwithstanding plaintiff's own assessment of the severity of his
dental condition and the treatment he believes is required, his
"disagreement with the course of treatment provided does not state a
constitutional violation."   *Perkins v. Kan. Dep't of Corr.*, 165 F.3d
803, 811 (10th Cir.1999); *see also Fitzgerald v. Corr. Corp. of Am.*,
403 F.3d 1134, 1142 (10th Cir.2005)(holding mere difference of opinion
about treatment, even among professionals, does not give rise to claim
under the Eighth Amendment).   This is true even if the treatment in
question constituted medical malpractice.   *Fitzgerald*, 403 F.3d at
1143; *Perkins*, 165 F.3d at 811.

Moreover, the subjective component to the Eighth Amendment

---

[3]Plaintiff's allegations include specific claims that he can cut
his mouth or cheek when he chews, that food lodged in his teeth present
a choking hazard, that he is unable to seal his lips and hold saliva,
that he is suffering from compensating muscle strain from jutting out
his bottom jaw, and that he is suffering uneven wear on the chewing
surface of his teeth.   Plaintiff also alleges his dental condition
is unattractive to others, and "causes me to act out in violence."

deliberate indifference standard "is not satisfied, absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232. Matters such as "whether to consult a specialist or undertake additional medical testing" fall within traditional medical judgments, and generally do not violate the Eighth Amendment. *Id.*

The court finds plaintiff's allegations are insufficient to plausibly establish that any defendant acted with knowing disregard to an excessive risk to plaintiff's health, thus plaintiff's attempt to seek relief under the Eighth Amendment "deliberate indifference" standard is subject to being summarily dismissed.

Plaintiff is further advised that to the extent his supplemental documents center on allegations of staff mishandling of his health care requests, grievances, or mail seeking intervention or review of his medical care, these allegations are insufficient to state an actionable Eighth Amendment claim of deliberate indifference to a serious medical need, or a viable claim that plaintiff is being denied his right to due process or access to the courts.

*Corporate Defendant*

To the extent plaintiff seeks relief from CCS under § 1983, he must allege sufficient facts to plausibly satisfy in part that he was deprived of a constitutional right pursuant to a CCS practice or policy. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(applying municipal liability test in *Monell* to private entities being sued for relief under § 1983).[4] Plaintiff appears to claim that cosmetic surgery and braces are not provided pursuant to

---

[4]*See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978)(stating requisite elements of a § 1983 claim against a municipality or private entity performing a state function).

CCS policy.  Plaintiff's bare reference to a CCS policy is conclusory at best, but more significantly, the court has already determined that plaintiff has not sufficiently alleged the deprivation of braces and cosmetic surgery in his case violated his constitutional rights.  To the extent plaintiff seeks relief under § 1983 against CCS or any CCS employee, including President and CEO Boyle, the complaint presents no viable claim for relief under § 1983.

### *Motions for Preliminary Injunction*

Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order or preliminary injunction may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant."  To obtain temporary or preliminary injunctive relief, a moving party must be able to demonstrate that there is a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury if preliminary injunctive relief is not provided; that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and that issuance of the preliminary injunctions would not be adverse to the public interest.  *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001).

In the instant case, plaintiff's first motion for a preliminary injunction (Doc. 7) broadly claims he fears for his life if corrective and cosmetic dental care is not provided for an admitted lifelong condition, or if he is not provided medical marijuana pending resolution of this action.  Finding none of the prerequisites for obtaining a preliminary injunction are satisfied, this motion is denied.

Plaintiff's second motion (Doc. 34) is also denied because plaintiff seeks preliminary relief on recent claims and allegations not properly before the court.  Other than a broad demand for medical services, plaintiff specifically demands relief to address his concern and alleviate his distress over maintaining his heterosexuality, to be provided specific grooming materials, and to be assigned a single cell in order to facilitate his individual needs.

### Motion for Counsel

Plaintiff's motion and repeated informal requests for appointment of counsel are denied without prejudice.  Plaintiff has no right to the assistance of counsel in this civil action, *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989), and bears the burden of convincing the court that his claims have sufficient merit to warrant appointment of counsel, *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir.2006).

Here, plaintiff contends appointed counsel is needed to make all decisions regarding plaintiff's medical care, and to handle the complex legal issues involved in plaintiff's claims.  Having reviewed petitioner's claims, his ability to present said claims, and the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  *See Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors to be considered in deciding motion for appointment of counsel).

### Notice and Show Cause Order to Plaintiff

For the reasons stated herein, the court finds the complaint as first amended and appropriately supplemented is subject to being summarily dismissed unless plaintiff files a proper First Amended Complaint in compliance with court rules to sufficiently address deficiencies identified by the court.  The failure to do so in a proper

and timely manner may result in the original complaint being dismissed as stating no claim for relief without further prior notice.[5]   28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted pursuant to 28 U.S.C. § 1915(b)(4), and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted 30 days from the date of this order to file a First Amended Complaint that complies with court rules and sufficiently addresses identified deficiencies to avoid summary dismissal of complaint as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motions for a preliminary injunction (Docs. 4 and 34) and motion for appointment of counsel (Doc. 7) are denied.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.   The clerk's office is to provide plaintiff with a court approved form for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 23rd day of August 2012 at Topeka, Kansas.


                                        s/ Sam A. Crow
                                       SAM A. CROW
                                       U.S. Senior District Judge

---

[5]Plaintiff is advised that dismissal of the complaint as stating no claim for relief will count as a "strike" under 28 U.S.C. 1915(g) The court further notes that it appears plaintiff's litigation history in the District of Kansas already contains two "strikes."  *See Conley v. McFarland*, Case No. 02-3405-GTV)(complaint dismissed as frivolous); *Conley v. Nunnelley*, Case No. 98-3438-GTV(complaint dismissed as stating no claim for relief).