IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY DEAN CONLEY,

                    **Plaintiff,**

     v.                                                         CASE NO. 11-3200-SAC

**DAVID MCKUNE, et al.,**

                    **Defendants.**

## O R D E R

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983. The defendants named in the complaint are identified as: Kansas Department of Corrections Secretary Ray Roberts; Kansas Governor Sam Brownback; Lansing Correctional Facility (LCF) Warden David McKune; LCF Associate Wardens Kyle Deere and Rex Pryor; LCF Correctional Officer Bryan; LCF Unit Team Manager Andrew Parks; LCF M-Unit Counselor Joe Pantano; LCF Employee Brett Peterson; Correct Care Solutions, LLC (CCS); CCS President and CEO Jerry Boyle; CCS at LCF (CCS-LCF) Health Services Administrator Ellen Bartz; and CCS-LCF Dentist Kent Murry.

After reviewing the complaint and the voluminous documents plaintiff submitted thereafter, the court on August 23, 2012, allowed plaintiff an opportunity to submit a proper first amended complaint on a court approved form, and to cure identified deficiencies in order to avoid summary dismissal of the complaint.

In response, plaintiff submitted a First Amended Complaint on

1

a court approved form as directed, but expanded his pleading to 65 pages to extensively reiterate allegations that defendants have denied him necessary treatment and accommodations. Plaintiff also continued his practice of submitting supplemental material, often in the form of copies of correspondence he mailed to various defendants in this matter.

***Pending Motions for Preliminary Injunctions***

The court first addresses plaintiff's two pending motions for preliminary injunctive relief.

A party seeking a preliminary injunction or temporary restraining order may not rest on bare and conclusory allegations, but instead must show by clear proof that: (1) he will suffer irreparable injury unless the relief is granted; (2) the threatened harm outweighs any damage the relief sought would cause the opposing parties; (3) the remedy, if granted, would not be adverse to the public interest; and (4) there is a substantial likelihood that plaintiff will prevail on the merits in this action. *See Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir.2010). The Tenth Circuit has made it plain that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir.2009)(*quoting Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir.2003)).

Having reviewed plaintiff's pending motions for a preliminary injunction or temporary restraining order, the court finds no showing is made to warrant the relief being sought.

In his first pending motion (Doc. 69), plaintiff seeks the specific itemized relief requested in his original complaint as

amended and supplemented, namely: immediate dental cosmetic restoration; medical marijuana and related items for his personal possession; an iPod and shelf stereo with free uncensored downloaded songs of his choice; pornographic heterosexual movies; and to be transferred from maximum segregation to a single cell in a medium security facility. Plaintiff repeats arguments asserted in his complaint as amended and supplemented, and broadly contends all requested relief is essential to protect the life and safety of himself and others.

However, for the reasons stated herein and in the show cause entered on August 23, 2012, it is clear that plaintiff cannot demonstrate a likelihood of prevailing on the merits of any of these claims. Plaintiff's first pending motion for preliminary injunctive relief is denied.

In his second pending motion (Doc. 78), plaintiff seeks a court order addressing restraints on his access to electronic filing ("e-filing") of court documents during his segregated confinement at LCF. Plaintiff contends there is no adequate e-filing system for LCF prisoners confined in segregation, and complains that legal mail and documents for filing must be handed over unsecured and unsealed to prison staff for mailing or e-filing. The court finds no showing of any untoward interference in plaintiff's ability to file his documents electronically is demonstrated by plaintiff or evident on the record. The court also finds no showing of irreparable injury.

Nonetheless, the court denies this pending motion as moot because plaintiff is now incarcerated in a different correctional facility.

***Motion for Leave to Further Amend the Complaint***

While still incarcerated at LCF, plaintiff submitted a Second

3

Amended Complaint. The court liberally construes this pro se pleading as encompassing a motion for leave to file a second amended complaint,[1] and denies that motion because allowing plaintiff to file his proposed Second Amended Complaint would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1962)(in determining whether to grant leave to amend the court may consider such factors as the futility of the proposed amendment); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir.2006)("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.")(internal quotation marks and citation omitted).

The proposed Second Amended Complaint essentially duplicates the content and eighteen "causes of action" set forth in plaintiff's First Amended Complaint. While plaintiff proposes ten additional "causes of action," six simply advance Eighth Amendment arguments that defendants failed to adequately diagnose his dental needs or to adequately investigate the viability of plaintiff's self-treatment protocol (Claims 19-24), and the remaining additional claims improperly exceed the scope of this action (Claims 25-28).[2]

---

[1] *See* Fed.R.Civ.P. 15(b) which provides in relevant part that if a party is not amending once as a matter of course as provided by Rule 15(a), a party may amend its pleading only with leave of the court.
 *See also* D.Kan. Rule 15.1 which further requires in part that "A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought;[and](2)attach the proposed pleading or other document."

[2] The court previously notified plaintiff that amendment of the complaint would not be allowed to encompass allegations and claims beyond the alleged deliberate indifference to plaintiff's dental needs.
 Nonetheless, the proposed Second Amended Complaint includes demands for relief unrelated to plaintiff's claims regarding the denial of specific dental treatment. It also continues to advance plaintiff's First Amendment claims of being denied his right to freedom of expression by the denial of experimental treatment that allows him to express himself (Claim 17), and that allows him to regain his heterosexuality (Claim 18). And it continues to advance claims of being subjected to cruel and unusual punishment by: failing to adequately address the health consequences of plaintiff's homosexual activities, or to stop this activity (Claim 25); failing to dismiss disciplinary actions that plaintiff contends resulted from

Additionally, plaintiff submitted his proposed Second Amended Complaint to the court by mail, rather than e-filing the document as required by court rules.[3]

***First Amended Complaint Filed in Response to the Show Cause Order***

In the show cause order entered on August 23, 2012, the court found the complaint was subject to being summarily dismissed for the following reasons.

First, the court explained that plaintiff's claims for damages against state defendants in their official capacities were barred by the Eleventh Amendment. Plaintiff eliminated this deficiency by naming these defendants only in their individual capacities in his First Amended Complaint.

Second, the court found no claim of constitutional significance was presented for the purpose of proceeding under § 1983 by the alleged violations of state statutes and prison regulations. The First Amended Complaint, however, reflects plaintiff's continuing reliance on alleged violations of Kansas prison regulations regarding medical care and professional conduct as the basis for his claims of being denied due process. The court thus concludes the First Amended

---

his untreated dental and mental health conditions (Claim 26); failing to allow or provide plaintiff with an electric razor (Claim 27); and not allowing plaintiff to use mandatory and forced savings to pay for hygiene items (Claim 28).

[3]*See* District of Kansas Standing Order 12.2 (requiring e-filing by prisoners incarcerated in facilities designated as participating in the e-filing pilot project). Participation in the e-filing pilot project "is mandatory for all prisoner litigants assigned to designated facilities, and all correspondence and court filings in civil cases in the District of Kansas must be electronically transmitted." *Id*. LCF is designated by the Kansas Department of Corrections as participating in the e-filing pilot project. *Id*.

Because plaintiff is now incarcerated in the El Dorado Correctional Facility, which is not yet a designated e-filing facility, the court directed the clerk's office to accept and docket the proposed Second Amended Complaint instead of returning that document to plaintiff for resubmission in compliance with court rules.

Complaint fails to plausibly establish a liberty interest protected by the Due Process Clause, and provides no legal basis for relief under § 1983.

Third, the court found plaintiff's allegations were insufficient to plausibly establish any personal participation by defendants Brownback, Roberts, McKune, Deere, and Pyror. Plaintiff's First Amended Complaint contains no new facts or arguments relevant to this necessary showing, thus the court finds no claim for relief is stated against these defendants.

Fourth, the court found no viable claim of being subjected to cruel and unusual punishment was presented in plaintiff's allegations of being denied the specific comprehensive dental treatment plaintiff believed was necessary to stabilize his mental health and to protect his life and life of others. In response, plaintiff identifies no denial of prescribed care, and instead relies on his disagreement with the dental procedures routinely provided prisoners. Plaintiff's continued reliance on his *subjective* assessment of his dental needs and the treatment required is misplaced. The two-part test for establishing an Eighth Amendment claim of deliberate indifference to a serious dental need first requires an *objective* showing the alleged deprivation was sufficiently serious. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Plaintiff's own assessment of his condition and the treatment needed is not the proper basis for a constitutional claim.

Fifth, the court found plaintiff's allegations were insufficient to state a claim for relief against CCS, or any CCS employee including CEO Boyle. Plaintiff's First Amended Complaint fails to identify any new factual or legal basis for plausibly establishing a viable cause of action against these defendants. The court further notes that no

claim of constitutional significance is presented by plaintiff's reliance on alleged violations of CCS contract provisions for providing medical care at the facility.

## Conclusion

Accordingly, for the reasons stated herein and in the show cause order dated August 23, 2012, the court concludes the First Amended Complaint should be dismissed as stating no plausible claim upon which relief can be granted under § 1983 against any named defendant.[4] 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for appointment of counsel is thereby rendered moot.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction and restraining order (Doc. 69), motion for a preliminary injunction (Doc. 78), motion for appointment of counsel (Doc. 70) are denied, and motion for leave to file a Second Amended Complaint (Doc. 83) are denied.

IT IS FURTHER ORDERED that the complaint (Doc. 1) as first amended (Doc. 68) in response to the court's show cause order, is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 27th day of March 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[4] Dismissal of this action as stating no claim for relief constitutes a "strike" under the 3-strike provision in 28 U.S.C. § 1915(g) if plaintiff files no appeal or any appeal from the final order and judgment entered herein is affirmed no appeal. Plaintiff is reminded that his litigation history in the District of Kansas already contains two prior "strikes." See *Conley v. McFarland*, Case No. 02-3405-GTV)(complaint dismissed as frivolous); *Conley v. Nunnelley*, Case No. 98-3438-GTV(complaint dismissed as stating no claim for relief).