**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTHONY DEAN CONLEY,**

       **Plaintiff,**

**v.**

                                  **Case No. 11-3200-DDC-KGS**

**REX PRYOR, et al.,**

       **Defendants.**

---

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights lawsuit under 42 U.S.C. § 1983 against numerous individuals alleging that they violated the Eighth Amendment by failing to provide him proper dental care during his incarceration at the Lansing Correctional Facility ("LCF"). Among other things, plaintiff alleges that defendants denied him access to items he requires to treat his dental condition "including medical marijuana, an iPod, a laptop, unlimited access to digital music, and pornography." *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013) (holding that plaintiff's claim that he suffers a serious dental condition, that defendants knew about the condition, and that defendants denied him treatment for that condition stated a claim for relief but plaintiff's denial of the items he claims he needs to self-treat his condition does not constitute cruel and unusual punishment under the Eighth Amendment).

In prior orders, the Court dismissed all claims against the defendants who have been served in this lawsuit. The only defendants now remaining in this action are: (1) David R. McKune (sued in his individual capacity only); (2) Ellen Bartz (sued in her individual capacity only); and (3) Joe Pantano (sued in his official and individual capacity). However, plaintiff has never served these three defendants.

1

## I.    Background

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant within 120 days after filing a complaint.  Fed. R. Civ. P. 4(c)(3) provides that the Court must order a United States Marshal or Deputy Marshal to effect service if the plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915.

On August 23, 2012, the Court granted plaintiff in forma pauperis status.  (Doc. 66)  On August 21, 2013, the Court ordered the Clerk of the Court to prepare waiver of service forms for, among others, defendants McKune, Bartz, and Pantano to be served by the Marshal's Service under Fed. R. Civ. P. 4(c)(3).  (Doc. 96)  The Marshal's Service, however, was unable to complete service on defendants McKune, Bartz, and Pantano because they were no longer employees at LCF.  (Docs. 104, 105, 106)

The docket reflects that these three defendants were not served within 120 days after plaintiff filed the Complaint (Doc. 1) or the First Amended Complaint (Doc. 68), as Fed. R. Civ. P. 4(m) requires.  And, to date, plaintiff has not yet served these three defendants.

On September 12, 2013, plaintiff filed a Motion for Clarification (Doc. 112) and an Amended Motion for Clarification (Doc. 113), asking the Court to determine the whereabouts of defendants McKune, Bartz, and Pantano so that plaintiff could serve them with the Complaint and Summons in this case.

On April 8, 2014, Judge Sebelius denied plaintiff's motions.  (Doc. 135)  In the order denying the motions, Judge Sebelius noted that plaintiff had not provided any other address where the Marshal's Service should attempt service, and he emphasized that it was plaintiff's responsibility "to cooperate with the Marshal's Service to effect service and take reasonable steps to identify the defendant by name and address so that service can be accomplished."  (*Id.* at

2 (citation and internal quotation marks omitted))  Judge Sebelius also explained that if the Marshal's Service could not make service with the information provided by plaintiff, "the onus remains upon plaintiff to discover and submit sufficient information for service of all defendants he has named in his lawsuit."  (*Id.* (citation and internal quotation marks omitted))  Judge Sebelius therefore ordered plaintiff to file a notice with the Court providing the current addresses of defendants McKune, Bartz, and Pantano within thirty days of the Order (or by May 8, 2014). (*Id.* at 3)  Judge Sebelius warned plaintiff that failing to provide the addresses could lead the Court to dismiss plaintiff's Amended Complaint against these three defendants.  (*Id.* (citing Fed. R. Civ. P. 4(m)))

Plaintiff failed to file a notice with the Court providing the current addresses of defendants McKune, Bartz, and Pantano by the deadline imposed in Judge Sebelius' Order. Therefore, on January 30, 2015, the Court ordered plaintiff to show cause in writing why the Court should not dismiss his claims against these three defendants for failure to prosecute.  (Doc. 146)

Plaintiff filed two responses to the Court's Order directing plaintiff to show cause.  In one response (signed by plaintiff on January 17, 2015), plaintiff claims that this is "the first time [he] has been aware of the fact that McKune, Bartz and Pantano have not been properly notified" of this lawsuit.  (Doc. 151 at 1)  He also contends that he never received any order to respond.  (*Id.*) Plaintiff asserts that he has "diligently" tried to obtain addresses for defendants McKune, Bartz, and Pantano but the "only thing [he] has been told concerning who to send the summons to" is the Kansas Secretary of Corrections and the Kansas Attorney General.  (*Id.* at 1–2)

Plaintiff's other response (signed on January 30, 2015) states that he "apologizes for the late response due to the fact, ever since he was notified to locate McKune and Bartz's

3

address[es], he has been diligently trying to investigate and ascertain their whereabouts and their locations." (Doc. 147 at 1)  He claims that he was told that defendant McKune is still employed by the State of Kansas and the Kansas Department of Corrections and that "his proper authorized agents" are Derek Schmidt, Attorney General, and Ray Roberts, Secretary of Corrections.  (*Id.*)

## II.      Legal Standard

A plaintiff is entitled to a mandatory extension of time to serve a defendant if he shows good cause for his failure to effect service within the time specified by Fed. R. Civ. P. 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  If the plaintiff does not show good cause, the court must consider, in its discretion, whether a permissive extension of time is warranted or whether to dismiss the case without prejudice.  *Id.*

Where a plaintiff proceeds in forma pauperis and thus relies on the Marshal's Service to effect service of the complaint and summons, a plaintiff may demonstrate good cause if the Marshal's Service fails to fulfill its duties.  *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003); *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994).  The Court will not penalize a plaintiff by dismissing an action because the Marshal's Service fails to serve a defendant, unless the defects result from plaintiff's own culpability such as failing to cooperate, providing inadequate or inaccurate information, or lacking diligence in effecting service.  *Olsen*, 333 F.3d at 1205; *Oltremari*, 871 F. Supp. at 1352.

## III.     Analysis

Here, plaintiff fails to show good cause why the Court should not dismiss this lawsuit against defendants McKune, Bartz, and Pantano for failure to serve them within the time specified by Fed. R. Civ. P. 4(m).  While plaintiff makes the conclusory assertion that he has "diligently" tried to obtain addresses for these three defendants, his two responses to the Court's

4

Order to show cause lack any facts showing good cause for his failure to prosecute his lawsuit against these three defendants.  (Docs. 147, 151)

While plaintiff claims in one of his responses that this is the "first time" he was aware that these three defendants had not been served and that he never received any order to respond (Doc. 151), plaintiff's assertions are belied by his other statements in the record.  Plaintiff understood that the Marshal's Service was unable to complete service on these three defendants. He stated he was aware of this fact in his Motion for Clarification (Doc. 112) and Amended Motion for Clarification (Doc. 113), filed more than a year ago, on September 12, 2013.  And, even if he never received Judge Sebelius' April 8, 2014 Order (Doc. 135), plaintiff acknowledges the instructions Judge Sebelius provided in that Order—namely, that plaintiff is responsible for obtaining addresses for these defendants so that the Marshal's Service may effect service.  (*See* Doc. 147 at 1 (plaintiff "apologizes for the late response due to the fact, ever since he was notified to locate McKune and Bartz's address[es], he has been diligently trying to investigate and ascertain their whereabouts and their locations."))

Also, plaintiff has made no other inquiries about the status of service on these three defendants after filing his motions for clarification on September 12, 2013.  During that time, the other defendants in the lawsuit filed answers and dispositive motions, but plaintiff never questioned why these three defendants had not yet entered appearances in the case.

Because plaintiff has failed to demonstrate good cause, plaintiff is not entitled to a mandatory extension of time to serve these defendants.  *See Green v. Lawhorn*, No. 09–3055– SAC, 2012 WL 786331, at *20 (D. Kan. Mar. 8, 2012) (denying either a mandatory or permissive extension of time to serve defendant because plaintiff failed to demonstrate good cause for his failure to prosecute his case against defendant); *see also Karp v. Garrett*, No. 10–

cv–02277–CMA–KMT, 2011 WL 5172897, at *8 (D. Colo. Aug. 1, 2011), *adopted by* No. 10–

cv–02277–CMA–KMT, 2011 WL 5172901 (D. Colo. Oct. 28, 2011), *aff'd*, No. 11-1548, 2012

WL 601453 (10th Cir. Dec. 4, 2012) (recommending dismissal of plaintiff's claims against an

unserved defendant because plaintiff failed to provide good cause for his failure to effect

service); *Searles v. Werholtz*, No. 06-3198-JAR, 2010 WL 4861123, at *3 (D. Kan. Nov. 16,

2010) (dismissing plaintiff's complaint against unserved defendants because plaintiff failed to

demonstrate good cause for failing to serve them where it had been more than three years since

the Marshal's Service attempted service and, during that time, plaintiff prosecuted his case

against the other defendants without inquiring about the status of service on the unserved

defendants).

        As discussed at the outset, the Court may extend the time for a plaintiff to serve a

defendant even without a showing of good cause.  *Espinoza*, 52 F.3d at 841.  When determining

whether to grant a permissive extension, the Court considers several factors.  *Id.*  They include

consideration of whether the applicable statute of limitations would bar the re-filed action and

whether defendant has sustained prejudice by the delay of service.  *Id.*

        Plaintiff filed this lawsuit under 42 U.S.C. § 1983, alleging that defendants violated his

Eighth Amendment rights by denying him dental care while incarcerated at LCF.  The forum

state's statute of limitations governs the limitations period for a § 1983 claim.  *Brown v. Unified

Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  K.S.A. § 60–513(a)(4)

provides a two-year statute of limitations for "injury to the rights of another."  Thus, it appears

that the limitations period has run on the claims plaintiff asserts in his Amended Complaint filed

September 12, 2012.  (*See* Doc. 68 (alleging a failure to provide dental care in 2011 and 2012))

However, defendants McKune, Bartz, and Pantano are prejudiced by plaintiff's delay in service. The case against these three defendants has been pending since November 2011. If the Court were to grant a permissive extension of time to serve these defendants, it would allow plaintiff to serve them after the statute of limitations has run. Our Court has recognized the prejudicial effect of allowing service beyond the limitations period: "'[W]ith the passage of time, evidence grows stale, witnesses become harder to locate, and witness recollections often fade.'" *Searles*, 2010 WL 4861123, at *3 (quoting *Bradley v. Frito Lay, Inc.*, No. 07–4054– JAR, 2008 WL 695224, at *1 (D. Kan. Mar. 7, 2008)). Moreover, the Court already has granted summary judgment for the other defendants on plaintiff's § 1983 claim because the uncontroverted evidence, as a matter of law, fails to demonstrate that those defendants violated plaintiff's constitutional rights. (Doc. 145) The Court finds that the factors weigh against a permissive extension.

The Court also declines to grant plaintiff a permissive extension for three more reasons. Plaintiff failed to effect service on these defendants within the time requirements of Fed. R. Civ. P. 4(m), failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future.

In his responses to the Court's Order to show cause, plaintiff claims that the Marshal's Service may serve the three defendants by sending the Complaint and Summons to the Kansas Secretary of Corrections and the Kansas Attorney General. Plaintiff must serve the three defendants in accordance with the requirements of Fed. R. Civ. P. 4(e), governing service on individual defendants. This rule provides that a plaintiff may accomplish personal service by: (1) delivery on the individual personally, (2) delivery at the individual's dwelling or usual place

of abode, (3) delivery on the individual's authorized agent, or (4) following Kansas state laws governing service. *See* Fed. R. Civ. P. 4(e). Kansas law provides that service upon an individual must be made: (1) by serving the individual or (2) by serving an agent authorized by appointment or by law to receive service of process. K.S.A. § 60-304(a). The Kansas statute also provides:

> Service by return receipt delivery shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

*Id.*

Plaintiff's request to serve the three defendants through the Kansas Secretary of Corrections or the Kansas Attorney General fails to satisfy the requirements of Fed. R. Civ. P. 4(e) or K.S.A. § 60-304. Plaintiff has sued defendants McKune and Bartz in their individual capacities only and defendant Pantano in his official and individual capacities. None of these defendants are employed at LCF. (Docs. 104, 105, 106). The Kansas Department of Corrections has reported to plaintiff that defendant McKune is retired, defendant Bartz works for Correct Care Solutions (the contract medical provider for the Kansas Department of Corrections when plaintiff was housed at LCF), and it has no record for defendant Pantano. (Doc. 113 at 2) Plaintiff cannot serve these defendants by serving either the Secretary of Corrections or the Attorney General because neither is authorized to accept service on behalf of any of the three defendants. *See Edmisten v. McKune*, No. 07–3116–JWL, 2008 WL 640483, at *1 (D. Kan. Mar. 6, 2008) (holding that defendant employer cannot accept service on behalf of individuals it no longer employed or individuals it never employed); *see also Karp*, 2011 WL 5172897, at *8

(explaining that, under Colorado law, the Colorado Department of Corrections is not required to accept or waive service for a former employee and service on the Colorado Attorney General is not sufficient for a former employee).  Thus, the information provided by plaintiff in his responses to the Court's Order to show cause is not sufficient to obtain service on the three defendants.  The Court therefore refuses to grant plaintiff a permissive extension of time to serve the three defendants.

The Court warned plaintiff that his failure to provide addresses for these three defendants could lead the Court to dismiss plaintiff's Amended Complaint against them.  (Doc. 135 (citing Fed. R. Civ. P. 4(m)))  The Tenth Circuit has cautioned that a district court should not dismiss a pro se plaintiff's complaint for failure to effect proper service without first providing the plaintiff with specific instructions about how to correct the defects in service.  *See Olsen*, 333 F.3d at 1204–05.  But, here, the Court already has identified the deficiencies and ordered plaintiff to correct them by providing addresses for the three defendants so that the Marshal's Service may obtain service.  (Doc. 135)  Plaintiff has failed to correct the problem after having many months to discover and submit sufficient information to allow the Marshal's Service to effect service.  Therefore, the Court dismisses plaintiff's claims against defendants McKune, Bartz, and Pantano without prejudice for failure to serve them timely.

**IT IS THEREFORE ORDERED BY THE COURT THAT** that plaintiff's claims against defendants David R. McKune; Ellen Bartz; and Joe Pantano are dismissed without prejudice for failure to effectuate timely service.

**IT IS SO ORDERED.**

**Dated this 18th day of March, 2015, at Topeka, Kansas**

                       **s/ Daniel D. Crabtree**

                       **Daniel D. Crabtree**
                       **United States District Judge**